# EXHIBIT 1

Exhibit 1

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    12/23/2020 7:47 AM

**Court :** 236   **Case :** 321592   [Search]   [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 236-321592-20**                          **Date Filed : 11-12-2020**

LETA ROCHE  | VS |  THE KROGER CO.

**Cause of Action :** INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 11-12-2020 | ORIG PET | PDF | N | $289.00 | |
| 11-12-2020 | PAYMENT RECEIVED trans #1 | | Y | | $289.00 |
| 11-12-2020 | CIT-ISSUED ON THE KROGER CO-On 11/16/2020 | PDF | N   Svc | $8.00 | |
| 11-12-2020 | PAYMENT RECEIVED trans #3 | | Y | | $8.00 |
| 12-15-2020 | DEFN' ORIG ANS & VERIFIED DENIAL | PDF | | | $0.00 |

# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

**TRL / ALL**
**Transmittal Number: 22351406**
**Date Processed: 11/25/2020**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Co |
| **Title of Action:** | Leta Roche vs. Kroger Texas, LP |
| **Matter Name/ID:** | Leta Roche vs. Kroger Texas, LP (9856458) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Tarrant County District Court, TX |
| **Case/Reference No:** | N/A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/24/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jack Downing<br>817-860-5685 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### CITATION

Cause No. 236-321592-20

LETA ROCHE

VS.

THE KROGER CO.

**TO: THE KROGER CO**

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX 78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

LETA ROCHE

Filed in said Court on November 12th, 2020 Against
THE KROGER CO

For suit, said suit being numbered 236-321592-20 the nature of which demand is as shown on said ORIGINAL PETITION  a copy of which accompanies this citation.

### JACK DOWNING
Attorney for LETA ROCHE Phone No. (817)860-5685
Address    1178 W PIONEER PKWY ARLINGTON, TX 76013

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 16th day of November, 2020.

By _____
IAN PFISTERER

A CERTIFIED COPY
ATTEST: 11/18/2020
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Ian Pfisterer

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *23632159220000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock __M; and executed at _____ within the county of _____, State of _____ at _____ o'clock __M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $ _____
State of _____ County of _____ (Must be delivered if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

## CITATION

Cause No. 236-321592-20

LETA ROCHE

VS.

THE KROGER CO.

ISSUED

This 16th day of November, 2020

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       IAN PFISTERER Deputy

---

JACK DOWNING
Attorney for: LETA ROCHE
Phone No. (817)860-5685
ADDRESS: 1178 W PIONEER PKWY

ARLINGTON, TX 76013

*CIVIL LAW*



*2363215922000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 11/16/2020
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
By: /s/ Ian Pfisterer

FILED
TARRANT COUNTY
11/12/2020 5:01 PM
THOMAS A. WILDER
DISTRICT CLERK

CASE NO. 236-321592-20

| | | |
|---|---|---|
| **LETA ROCHE,** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **THE KROGER CO.** | § | |
| | § | |
| **Defendant.** | § | TARRANT COUNTY, TEXAS |

## ORIGINAL PETITION

**COMES NOW**, Plaintiff **Leta Roche** and files this suit against Defendant **THE KROGER CO**. and shows the following:

### PARTIES AND SERVICE

1. Plaintiff Leta Roche is an individual residing in Tarrant County, Texas.

2. Defendant THE KROGER CO. is a foreign corporation doing business in this state. It can be served with process through its registered agent, Corporation Service Company, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. **Citation is requested.**

### JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of the district court.

4. Texas has personal jurisdiction over the Defendant.

5. Venue in Tarrant County is proper because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

---

**ORIGINAL PETITION – Roche v. Kroger**
**PAGE 1**

6.   Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## FACTS

7.   On or about September 24, 2019, Plaintiff entered Defendant's store in Arlington, Texas at Fielder and Pioneer Parkway. Plaintiff was going to get hummus. She picked up the hummus and turned and slipped and fell. One of the refrigerators had been leaking water and created a puddle. The fall resulted in injuries to her knees and back.

8.   Plaintiff did not want to get surgery. She went through physical therapy to help her knees. But she could not avoid surgery regarding her back. She has good days and bad days with her knees and her back. She may have future medical bills related to these injuries because of the ongoing pain and suffering.

## CAUSES OF ACTION

9.   Defendant had a duty to keep its store clear of hazards. Defendant knew or should have known that its refrigerator(s) were leaking water causing puddles that were hazardous. Also, Defendant knew or should have known that that specific puddle existed and was hazardous.

10.   Plaintiff's damages were proximately caused by Defendant failing to meet its duty to keep its store clear of hazards.

11.   Defendant is liable for its employees failing to keep its store clear of hazards that the employees knew or should have known about.

## DAMAGES

12.   As a direct and proximate result of the occurrence made the basis of this lawsuit,

---

**ORIGINAL PETITION – Roche v. Kroger**
**PAGE 2**

Plaintiff was caused to suffer bodily injury, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the fall complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past and in the future;

    F.    Loss of earnings in the past;

    G.    Mental Anguish in the past;

    H.    Mental Anguish in the future; and

    I.    Loss of Consortium in the past.

## PRAYER

**Wherefore**, Plaintiff **Leta Roche** respectfully requests that the Defendant **THE KROGER CO.** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant together with prejudgment and post judgment interest at the maximum rate allowed by law, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

---

Respectfully submitted,

**LAW OFFICE OF DWAIN DOWNING**
1178 W. Pioneer Pkwy
Arlington, TX 76013
Tel: (817) 860-5685
Fax: (817) 916-8804


**/s/ Jack Downing**
Jack Downing
Attorney at Law
SBN: 24101708
**/s/ Dwain Downing**
Attorney at Law
SBN: 06086550
jack@downinglaw.net

**ATTORNEYS FOR PLAINTIFF**

___

# EXHIBIT 3

Exhibit 3

236-321592-20

FILED
TARRANT COUNTY
12/15/2020 1:39 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-321592-20

| | | |
|---|---|---|
| LETA ROCHE | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 236TH JUDICIAL DISTRICT |
| | § | |
| THE KROGER CO. | § | |
|     Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW, Defendant, erroneously named as "The Kroger Co." ("Defendant"), in the above-entitled and numbered cause and files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

### I.
### VERIFIED DENIAL

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to recover from "The Kroger Co." in the capacity in which this entity has been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

### II.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## III.
## DEFENSES

1. Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2. Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

3. The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8. The damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9. Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10. Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

11. Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

12. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by

Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## IV.
## COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant The Kroger Co. respectfully prays that Plaintiff take nothing by this cause of action; that she be ordered to re-plead to cure the deficiencies in her Original Petition; and that Defendant be permitted to recover the costs expended on its behalf.  Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## VERIFICATION

STATE OF TEXAS             §
                           §
COUNTY OF TARRANT          §

Before me, the undersigned authority, did personally appear Michael W. Stumbaugh, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a felony or a crime of moral turpitude, and that he is over the age of 18 and competent to make this verification. Accordingly, Mr. Stumbaugh verifies that the facts alleged in Section I Verified Denial of the foregoing pleading are within his personal knowledge and are true and correct.

_____
Michael W. Stumbaugh

Subscribed and sworn to before me on this 15th day of December 2020.

_____
NOTARY PUBLIC in and for the State of Texas

MARIA LOHSE
Notary Public, State of Texas
Comm. Expires 02-05-2024
Notary ID 132346674

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on December 15, 2020.

/s/ B. Kyle Briscoe
B. Kyle Briscoe